neither is there any exception to any statements of counsel. There are incorporated in the record contradictory affidavits made by appellants and by counsel for appellee as to what was said in argument. The trial court does not certify which, if either, is correct. The question of whether or not improper or prejudicial argument was made to a jury cannot be saved by *ex parte* affidavits. The statements made must be certified to by the trial judge in the bill of exceptions. *Peyton v. Village of Morgan Park*, 172 Ill. 102; *Mayes v. People*, 106 Ill. 314; *People v. Nall*, 242 Ill. 284.

Appellants contend that a new trial should have been granted because of newly-discovered evidence. The newly-discovered evidence as set forth in the affidavits filed is only cumulative and in the nature of impeaching evidence. It would not have changed the verdict and was not of sufficient importance to have required the granting of a new trial.

Finding no reversible error the judgment is affirmed.

*Affirmed.*

MR. JUSTICE PHILBRICK took no part in the decision of this case.

------

## John M. Jones, Appellee, v. August Minks, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Champaign county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed May 5, 1914. Rehearing denied June 25, 1914.

### Statement of the Case.

Action by John M. Jones against August Minks on six judgment notes after a judgment by confession, entered in vacation in the office of the circuit

clerk, had been opened up with leave to defendant to plead to the declaration. Defendant, after filing certain pleas claimed not to be material to the issues before the Appellate Court, filed two additional pleas, the first averring a failure of consideration as to all the notes except the sixth and the other averring failure of consideration as to the other note. At the close of defendant's evidence the court excluded it and directed the jury to find in favor of plaintiff for the full amount of all ·the notes. Thereupon an order was entered vacating the order opening up the judgment, and it was further ordered that the original judgment remain in full force. To reverse the judgment, defendant appeals.

The only questions raised on the appeal concern the sustaining of an objection to certain evidence offered by defendant and the giving of the peremptory instruction.

The facts show that appellee, Jones, is a local agent of the International Harvester Company and that appellant is a tenant farmer; that agents of the Harvester Company induced appellant to purchase a gasoline tractor and plow upon representations that the tractor had the same power as a 28 horse power steam engine, that it used a gallon of gasoline per horse power per day of ten hours, that it would pull eight plows plowing ten inches deep and was better than a steam engine for running a threshing machine.

The contract for the purchase of the tractor was in writing and contained a clause that· appellant purchased the same subject to the conditions printed on the back. The warranty has several lengthy and involved conditions attached to it and provides among other things:

"INTERNATIONAL HARVESTER COMPANY OF AMERICA (Incorporated) hereby warrants said thresher, attachments and engine to be well made, of good material, and durable with proper care, and to

do good work if properly operated by competent persons, with sufficient power, and the printed rules and directions of the manufacturer intelligently followed. If, after three days' trial by the purchaser said property shall fail to fulfill the warranty, written notice thereof shall at once be given to said company at Harvester Building, Chicago, Illinois, and also to the agent through whom the same was purchased, stating wherein it fails to fulfill the warranty, and reasonable time shall be allowed said company to send a competent man to remedy the difficulty, the purchaser rendering necessary and friendly assistance. Said company reserves the right to replace any defective parts, and, if then the machinery cannot be made to fulfill the warranty, the part that fails is to be returned by the purchaser, free of charge to the place where received and the company notified thereof, and, at the company's option, another substituted therefor that shall fill the warranty, or the notes and money for such part immediately returned, or the amount credited on the notes that have been given, and no further claim shall be made on said company.

Failure to make such trial, or to give notice as herein provided, shall be conclusive evidence of the fulfillment of the warranty, and the company shall be released from all liability," and "that no representations made by any person as an inducement to give and execute the within order shall bind the company," and "This express warranty excludes all implied warranties * * *."

Appellant contends and by his pleas avers that the agents of the Harvester Company fraudulently and deceitfully made the following untruthful representations to him as an inducement to him to purchase its tractor: (1) That the upkeep and maintenance of the tractor was less than the upkeep and maintenance of a steam engine of like power; (2) that the gasoline tractor would do the same work a steam tractor would

do fully as satisfactory and at less cost; (3) that the gasoline engine was more easily handled than a steam engine; (4) that the gasoline tractor would operate on a gallon of gasoline per horse power per day of ten hours; (5) that the gasoline tractor would pull eight plows plowing ten inches deep and would also pull a harrow and drag after it; and (6) that the gasoline tractor would operate a sheller and separator as satisfactorily as would a steam traction engine.

LeForgee, Vail & Miller, for appellant.

Dobbins & Dobbins and Green & Palmer, for appellee; O. Barth, of counsel.

Mr. Presiding Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 326*—*when parol evidence admissible to show fraudulent inducement in suit on note given for purchase money.* In an action by a seller against the purchaser on notes given by the latter as a part of the purchase price for an article sold to him by the seller, where the defendant filed pleas of failure of considerations in the nature of pleas of fraud and deceit, in that the defendant was induced to execute the contract of sale by false and fraudulent representations as to the nature and value of the article sold, *held* that parol evidence was admissible to show the alleged fraud and deceit, though there was a clause in the contract of sale excluding all implied warranties and providing that no representations made by any person as an inducement to execute the contract shall bind the seller.

2. SALES, § 314*—*when defense of fraud in inducing sale available.* The existence of an express written warranty does not exclude a defense based on fraudulent misrepresentations inducing the sale.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.